UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YEVONNE AGBUKE,

       Plaintiff,         CIVIL ACTION NO. 08-CV-14535-DT

vs.

                               DISTRICT JUDGE NANCY G. EDMUNDS

REDFORD VILLA CONDO       MAGISTRATE JUDGE MONA K. MAJZOUB
ASSOCIATION,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Defendant's Motion for Summary Judgment filed on July 31, 2009 (docket no. 20) should be **GRANTED**, and this action should be dismissed.

**II.**    **REPORT:**

    **A.**    **Facts, Claims, and Procedural History**

Plaintiff resides in a Redford Villa condominium. She brings this action under the Fair Housing Act, 42 U.S.C. § 3604, claiming that the Board of Directors of the condominium association are "angry" at her "for filing a HUD/Civil Rights" complaint and have refused to accept her dues "thereby setting [her] up for eviction." (Docket no. 1 at 1 & attached civil cover sheet). Plaintiff seeks as relief to have the eviction stopped. (*Id*. at 2). Defendant Condo Association filed a Motion for Summary Judgment on July 31, 2009. (Docket no. 20). Plaintiff filed a response in letter form on August 10, 2009. (Docket no. 22). All pretrial matters have been referred to the undersigned for decision. (Docket no. 10). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Defendant's motion is now ready for ruling.

Plaintiff alleges in her Complaint, in addition to the above allegations, that the Defendant's board of directors are attempting to make her pay attorney fees when she wrote the attorney and asked "to have another person accept [her] dues." (Docket no. 1 at 1). On her civil cover sheet attached to her Complaint, Plaintiff states that she is proceeding under section 804b of Title VIII which is codified at 42 U.S.C. § 3604(b). (*Id.* at 3). She also states that she is claiming retaliation for filing a civil rights/HUD complaint. (*Id.*). Plaintiff also reveals that there was a Wayne County Circuit Court case related to this action. (*Id.* at 4).

Defendant condominium association is comprised of 100 residential condominiums individually owned by co-owners. (Docket no. 20 ex. B). Its board of directors since 2007 has been made up of two Black, one Hispanic, and four Caucasian co-owners. (*Id.*). Plaintiff purchased her condominium on November 30, 2006. (*Id.*). She had two cats and the Association by-laws allowed only one dog or cat per condo unit. (*Id.*). However, the Association Secretary of the Board told Plaintiff that as long as no one complained she would be fine. (*Id.*). In May 2007 Plaintiff filed a complaint with HUD and the Michigan Department of Civil Rights alleging racial discrimination by Defendant for not making repairs to her condominium unit and for being advised that she was not allowed to have two cats. (*Id.*). The civil rights investigator recommended that Defendant enforce its bylaws fairly and as a result in June 2007 the Board unanimously voted to amend its bylaws to assess co-owners with multiple pets a $20 per month fee. (*Id.*). On June 15, 2007 Defendant notified all residents of this change regarding pet fees. (*Id.*).

Plaintiff then amended her charge of racial discrimination in housing with the Michigan Department of Civil Rights alleging that the $20 fee was charged to her but not to white co-owners. The President of the condominium association, Mr. FitzGerald, has submitted an affidavit stating

that, in addition to the above facts, two Caucasian co-owners were assessed monthly pet fees and both have paid them regularly since July 1, 2007. (Docket no. 20 ex. B). Plaintiff paid her proper assessment for July and August 2007, however in September she submitted a check for a lesser amount which was returned to her. (*Id*.). She did not thereafter pay the proper monthly assessment. (*Id*.). On October 31, 2007 the Michigan Department of Civil Rights dismissed Plaintiff's claim for racial discrimination in housing. (*Id*.). On November 7, 2007 a Notice of Intent to Lien on Plaintiff's condominium was filed by Defendant's attorney. (*Id*.). On January 8, 2008 Plaintiff filed a new civil rights complaint with the Michigan Department of Civil Rights alleging that the lien was filed because of her race and/or due to retaliation. (*Id*.). On January 10, 2008 Defendant filed a lien on Plaintiff's condo for non-payment of her condo dues since August 6, 2007. (*Id*.).

On September 20, 2008 Defendant's motion for summary disposition on the lien was granted by the district court, and Defendant was awarded $4,863.27 in past due assessments, late fees, and attorney's fees. On October 15, 2008 Defendant obtained a Judgment of Foreclosure against Plaintiff. (*Id*.). Finally, Mr. FitzGerald states that Defendant has never discussed or used as a factor Plaintiff's race and/or her civil rights complaints in its decision to change its bylaws to assess pet fees or to proceed with foreclosure on Plaintiff's condo. (*Id*.).

Defendant moves for summary judgment on the bases that the statute Plaintiff is suing under, 42 U.S.C. § 3604, does not apply to post-acquisition (of the housing) disputes and that even if it does, Plaintiff is not claiming that there is a discriminatory animus in its conduct as required by the statute. (Docket no. 20). In addition, although not pled by Plaintiff, Defendant argues that no claim exists under 42 U.S.C. § 3617, the statute which prohibits retaliation for making a complaint under the Fair Housing Act, because that statute also requires a discriminatory animus which Plaintiff has

-3-

not alleged. In response, Plaintiff states that her claim in this action is that Defendant refused her association dues because she filed a civil rights complaint. (Docket no. 22). She also claims that the board of directors is corrupt. (*Id.*).

### B. Governing Law

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### C. Analysis

#### 1. 42 U.S.C. § 3604

Section 3604(b) of Title 42 prohibits discrimination in the sale or rental of dwellings based on race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(b). Some courts hold that this section applies only to discrimination in the acquisition of dwellings and not to discrimination occurring after acquisition. Defendant relies on *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327 (7th Cir. 2004) in which the Seventh Circuit found that the plaintiffs' complaints "not about being prevented from acquiring property but about being

harassed by other property owners" failed to state a claim under section 3604(b) for this reason. Defendant does not cite any similar Sixth Circuit authority, and the Court has found none. To the extent that the Sixth Circuit would also find that section 3604(b) does not apply to post-acquisition discrimination, Plaintiff has no claim under this section.

However, an even more basic problem confronts Plaintiff. Defendant identifies a lack of evidence of discrimination based on race, color, religion, sex, family status, or national origin – the types of discrimination prohibited by section 3604(b). Plaintiff has not come forward with any such evidence in response to Defendant's summary judgment motion. Defendant shows that in Plaintiff's deposition she stated that she is not making any racial discrimination claim in this action. (Docket no. 20 ex. A at 19-20). Plaintiff has failed to present any cognizable evidence that Defendant's actions were based on race, color, religion, sex, family status, or national origin, as is her burden on this motion. *See Covington*, 205 F.3d at 915. Therefore, Defendant should be granted summary judgment on any claim under 42 U.S.C. § 3604(b).

    **2.    42 U.S.C. § 3617**

Section 3617 of Title 42 states that it is unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. The Sixth Circuit has held that in order to survive summary judgment on a claim under section 3617 a plaintiff must "demonstrate that the defendant 'exercise[d] their powers with a discriminatory animus.'" *Campbell v. Robb*, 162 Fed. App'x 460, 473 (6th Cir. 2006) (quoting *Michigan Prot. & Advocacy Serv. v. Babin*, 18 F.3d 337, 347 (6th Cir. 1994)). The court recognized that there was a split in the circuits regarding whether a discriminatory animus must be shown or

-5-

simply a retaliatory motive. However, in this circuit a discriminatory animus is necessary. (*Id*.).

If Plaintiff intended to make a claim under section 3617 based on Defendant's alleged retaliation for her previous civil rights filings, such a claim fails for the same reason as her claim under section 3604(b). She has failed to provide any evidence of race discrimination in the Defendant's actions. Plaintiff stated in her deposition that she was not making a claim of race discrimination but only a retaliation claim in this action. (Docket no. 20 ex. A at 19-20). Plaintiff therefore has no claim under section 3617. *See Campbell*, 162 Fed. App'x at 473.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 02, 2009            s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

     I hereby certify that a copy of this Report and Recommendation was served upon Yevonne Agbuke and Counsel of Record on this date.

Dated: September 02, 2009            s/ Lisa C. Bartlett
                                     Courtroom Deputy